THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAUL RIVERA PEREZ,

    Petitioner,

    v.                                      CIVIL NO: 04-1577 (PG)
                                            CIVIL NO: 05-1687 (PG)
UNITED STATES OF AMERICA,       Related to Cr. 97-245 (PG)

    Respondent.

**PETITIONER'S MOTION TO DISMISS O5-CV-1687 AND TO RENEW HIS MOTION FOR LEAVE TO FILE A TRAVERSE**

TO:    Clerk, United States District Court
        for the District of Puerto Rico
        150 Avenida Carlos Chardon
        San Juan, Puerto Rico  00918

    **COMES NOW** the petitioner, Raul Rivera Perez ("Petitioner/Rivera"), who, by and through his counsel, Linda George, hereby moves to dismiss the petition pending as Civil No. 05-1687 (PG) and further renews his motion for leave to file a traverse.

**PRELIMINARY STATEMENT**

    The undersigned counsel represents petitioner in the instant 28 U.S.C. §2255 proceeding. Apparently, there has been a gratuitous motion, filed on Mr. Rivera's behalf by attorney Rafael Anglada-Lopez, based upon *Blakely,* as well as *Dodd v. United States*, 545 U.S.--- (2005). It has been assigned docket number 05-CV-1687. This motion was filed without the knowledge of Mr. Rivera's counsel and without the knowledge and/or consent of the petitioner himself. It adds nothing to Mr. Rivera's long-standing application. Accordingly, it should be dismissed.

    With regard to the instant petition, petitioner renews his application for leave to file a

traverse, relief demanded throughout these proceedings. The procedural posture of this matter, in the face of rapidly changing law, has served, in effect, to abridge petitioner's right to do so.

## PROCEDURAL HISTORY

On September 29, 2000, Rivera was found guilty of a single count indictment charging conspiracy with intent to possess to distribute . On May 11, 2001, petitioner was sentenced to life imprisonment and five years probation. He appealed his conviction which was denied in *United States v. Nelson-Rodriguez,* 319 F.3d 12 (1st Cir. 2003).

On or about June 15, 2004, petitioner moved for relief pursuant to 28 U.S.C. §2255, on grounds concerning alleged failures of trial counsel. The government twice moved to extend its time to respond, requests which were granted. On August 11, 2004 the government filed its initial response to the petition, seeking its dismissal. D.E. 8.

In the interim, the United States Supreme Court decision in *Blakely v. Washington,* 124 S. Ct. 2531 (2004) was announced, followed soon thereafter by a prodigious flow of circuit and district court decisions. Because of the emerging constitutional issues arising out of *Blakely,* Rivera did not specifically reply to the government's opposition papers, by way of a traverse to same. Instead he prepared and filed a motion for leave to amend the initial petition to address the *Blakely* issues, and to extend the time to file papers in response to government's reply. This motion was filed on August 26, 2004. D.E. 9. Rivera then sought to further supplement his petition to meet the changing legal environment created by the *Blakely* decision in a motion filed September 22, 2004. D.E. 10.

On October 4, 2004 the Supreme Court heard oral argument in *United States v. Booker* and *United States v. Fanfan,* ostensibly to assess the impact of *Blakely* on the Federal Sentencing Guidelines and, derivatively, the constitutionality of judgments of conviction such as that entered against the petitioner herein.

On November 9, 2004, the Honorable Camille L. Velez-Rive, U.S.M.J., issued her Report and Recommendation, D.E. 11, in which Judge Velez-Rive recommended denial of Rivera's §2255 application. At the same time, the court held petitioner's motion for leave to amend and supplement his petition in abeyance, pending a ruling in *Fanfan* and *Booker* by the Supreme Court on issues arising out of *Blakely*. The magistrate court, however, did not rule on petitioner's motion for leave to extend his time to file a traverse.

On November 16, 2004, petitioner, through counsel, filed a motion to vacate the Report and Recommendation, due to Magistrate Judge's failure to rule on the motions for leave to amend and for extensions of time, as aforestated. D.E. 12. This motion was denied by the district court, Honorable Judge Perez-Gimenez, on December 1, 2004. D.E. 13. Accordingly, on December 9, 2004, petitioner filed a formal objection and request for *de novo* review of the Magistrate Judge's recommendation. D.E. 14.

On February 23, 2005, petitioner filed a motion for leave to file a renewed motion to supplement the petition with regard to issues arising out of the announcement of the ruling in *Booker*. D.E. 17. On March 1, 2005, Judge Perez-Gimenez denied the motion, stating that *Blakely* issues may not be raised on collateral review.[1]

---

[1] It is petitioner's contention that the issue of applicability on collateral review has not been conclusively determined with regard to Rivera's circumstances wherein he first raised these issues in the underlying criminal action pursuant to *Apprendi*. Accordingly, petitioner has consistently sought throughout this proceeding to address the *Apprendi* line of cases so as to complete the record.

On March 10, 2005, petitioner filed a motion seeking clarification of the court's March 1, 2005 Order, as well as a certificate of appealability. D.E. 19. On March 14, 2005, Judge Perez-Gimenez entered an Order explaining that petitioner's motion to file a traverse was mooted by the issuance of the Magistrate's report, and that the request for *de novo* review of the 2255 petition was still pending, thus rendering a request for a certificate of appealability premature. D.E. 21.[2]

As noted above, on or about June 23, 2005, and without the knowledge of counsel for petitioner, and without the knowledge or consent of petitioner, himself, attorney Rafael Anglada-Lopez, filed another 2255 petition based upon *Blakely,* as well as *Dodd v. United States*, 545 U.S.--- (2005). No notice in anticipation of this filing was provided to counsel of record, nor was counsel provided with a hard copy or an electronic transmittal of the filing. It was only upon counsel's monthly review of docket sheets pertaining to her clients, that the filing of this unauthorized motion was discovered. It has been assigned docket number 05-CV-1687.

---

[2] Petitioner seeks to file a traverse to perfect the record in anticipation of his appeal to the district judge and to the Court of Appeals, if necessary.

## LEGAL ARGUMENT

### THE UNAUTHORIZED §2255 PETITION SHOULD BE DISMISSED

Petitioner is represented by the undersigned, and has been throughout this collateral proceeding. There has been no substitution of counsel, nor did Mr. Anglada consult with the client prior to his *ex parte* filing. *Blakely/Booker* arguments have previously been addressed in his petition and determinations are pending. Thus, without delving into the merits of Mr. Anglada's arguments, which it is counsel's understanding were rote contentions intended to apply generally to multiple individuals, it would seem they add nothing to Mr. Rivera's cause and have served only to complicate matters and waste the time of counsel and this court.

Accordingly, petition number 05-CV-1687, should be dismissed.[3]

### PETITIONER'S REQUEST FOR LEAVE TO FILE A TRAVERSE SHOULD BE GRANTED

Petitioner respectfully renews his request for leave to file a traverse--thereby affording him the opportunity to properly and fully respond to the arguments presented by the government and thus complete the record. Your Honor is requested to recognize that this petition was filed and is pending during an extraordinary period in criminal jurisprudence, whereby the conceptual grounding of sentencing law was shifted. The evolving law and the conscientious efforts of counsel to address its ramifications, through, *inter alia,* motions for leave to amend his petition to address the new precepts, have effectively served to bar petitioner from filing a traverse. Accordingly, in light of the unusual posture of this matter, and in fairness to Mr. Rivera, leave is again sought to permit

---

[3] Alternatively, it is requested that the two civil actions be consolidated so as to avoid confusion, as well as unnecessary and duplicative litigation.

petitioner to file a traverse.

## Relief Requested

In light of the above, petitioner requests that this court enter an Order, dismissing petition number 05-CV-1687, and granting petitioner leave to file a traverse prior to the district court's review of the magistrate judge's Report and Recommendation and petitioner's objections to same.

Respectfully submitted,

S/Linda George

_____
Linda George (USDC-PR No. 214813)
*Attorney at Law*
505 Main Street, Suite 214
Hackensack, New Jersey 07602
(201) 487-5225

Dated: July 13, 2005

## CERTIFICATION OF SERVICE

      I, Sarah Robles, hereby certify that on this date, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following in addition to other methods set forth below:

Hon. Juan Perez Gimenez  (courtesy copy)
United States District Court Judge
United States District Court for the District of Puerto Rico
150 Avenida Carlos Chardon
San Juan, Puerto Rico 00981-1741

Nelson Perez-Sosa, AUSA
Senior Appellate Attorney
Office of the United States Attorney
Torre Chardon 1201
350 Carlos Chardon Street
San Juan, PR 00918

Raul Rivera-Perez                                              Via Regular Mail
United States Penitentiary
Lee County
P.O. Box 305
Jonesville, Virginia 24263-0305

                                                                                 S/Sarah Robles

                                                                                 **Sarah Robles**

Dated: July 13, 2005